## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD METHVIEN AND HIS WIFE, SHELIA METHVIEN** | **CIVIL ACTION NO:** _____ |
| | **JUDGE:** |
| **VS.** | |
| | **MAG:** |
| **MANHATTAN CONSTRUCTION COMPANY** | |

### NOTICE OF REMOVAL

COMES NOW, through undersigned counsel, Defendant, Manhattan Construction Company ("Manhattan" and/or "Defendant"), which files this Notice of Removal of the captioned matter from the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, bearing Civil Docket Number 619,512, Section 25 and which is presently pending therein, to this, the United States District Court in and for the Middle District of Louisiana, and respectfully shows unto the Court as follows:

1.

Donald Methvien and his wife, Shelia Methvien ("Methviens" and/or "Plaintiffs") have instituted a civil action in the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, entitled "Donald Methvien and his wife, Shelia Methvien versus Manhattan Construction Company", bearing Civil Suit Number 619,512, Section 25 (the "Methvien lawsuit"). The Methvien lawsuit was filed on February 27, 2013. Manhattan was served a copy of the Petition and Citation on March 7, 2013.

2.

On April 26, 2013, Manhattan served the Methviens, through their counsel of record, Thomas Discon, Request for Admissions for clarification of Plaintiffs' claims against Manhattan exceeding the amount of $75,000.00, exclusive of interest and costs.

3.

The Admissions are deemed admitted, due to the failure of Plaintiffs, the Methviens, to respond to the Request for Admissions.

4.

Copies of all process, pleadings and orders served upon the Defendant in the referenced Methvien lawsuit action are attached and include a copy of the original Petition for Damages, which are attached hereto and incorporated herein as Exhibit "A, pursuant to 26 U.S.C. § 1446(a).

5.

Removal to this Honorable Court is proper under 28 U.S.C. § 1441(a) and (b) since this Court has original jurisdiction over the above captioned matter under 28 U.S.C. § 1332(a)(1) as a matter involving citizens of different States over an amount in controversy that exceeds the sum of $75,000.00.  Furthermore, the United States District Court for the Middle District of Louisiana, is the district within which the referenced state action is pending, and Manhattan brings its Notice of Removal within 30 days following the date of service of the Request for Admissions through the Methviens counsel of Record, Thomas Discon, Mandeville, Louisiana.

6.

Plaintiffs are domiciled in and citizens of the State of Louisiana.  Manhattan is incorporated in and a citizen of Oklahoma and has it principal place of business in the State of Oklahoma, as such, Manhattan is not a citizen of the forum State.

7.

Manhattan served as the general contractor to construct the *L'Auberge Casino in Baton Rouge, Louisiana,* (hereinafter "Project").  In the prosecution of this work, Manhattan

subcontracted with Wilhite Electric Company ("Wilhite") for Wilhite to perform a certain and defined scope or work.  One of the terms of the Subcontract between Manhattan and Wilhite provides, in part as follows:

> Pursuant to and in accordance with Louisiana Worker's Compensation Act, La. R.S. 23:1021, *et seq*., including but not limited to R.S. 23:1061, Contractor and Subcontractor agree that a statutory relationship exists between Contractor and Subcontractor's employees and Owner and Subcontractor's employees. Contractor and Subcontractor agree that all work performed by Subcontractor and its employees is part of Owner's and Contractor's trade, business or occupation and is an integral part of and is essential to the ability of Owner and Contractor to generate the Owner's and Contractor's goods, products and services. Contractor and Subcontractor agree that Owner and Contractor are principal and statutory employers of Subcontractor's employees. The above notwithstanding, Subcontractor shall remain solely and primarily responsible and liable for the payment of Louisiana worker's compensation benefits and insurance premiums to and for its employees and shall not be entitled to any contribution or indemnity for any such payments from Owner or Contractor.

According to the Petition in this matter, Donald Methvien served as an employee of Wilhite during Wilhite's work on the L'Auberge Casino Project.  Donald Methvien was allegedly injured during this employment.  Plaintiffs admit that Donald Methvien has sought (or is seeking) benefits from Wilhite under the Longshore and Harbor Workers' Compensation Act ("LHWCA").  Despite the fact that Donald Methvien is seeking benefits under the LHWCA and despite the clear and express statutory employer language set forth in the Wilhite Subcontract, the Methviens have attempted to assert a state law tort action against Manhattan for Donald Methvien's alleged injuries.  As a result, if the Methviens are able to prove liability and its other allegations as to damages, then the amount in controversy may exceed $75,000.00 though such liability and other allegations are denied.

{L0245345.1}                                                    3

8.

This Honorable Court has original jurisdiction of this State Court matter pursuant to 28 U.S.C. § 1332.

9.

Undersigned counsel certifies that a copy of this Notice of Removal will be properly served on Plaintiffs by mailing a copy of it to their counsel of record, Thomas M. Discon, 424 N. Causeway Blvd., Suite A, Mandeville, Louisiana 70448.

10.

Undersigned counsel further certifies that there is no consent to this removal required of any other Defendants in that Manhattan is the only named and served Defendant in the proceeding.

11.

Undersigned counsel further certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be properly filed with the Clerk of Court for the Nineteenth Judicial District Court, in and for the Parish of East Baton Rouge, State of Louisiana, as required under applicable law.

12.

Undersigned counsel further certifies that the Notice of Removal has been filed within the time delays provided under applicable law.

WHEREFORE, premises considered, Defendant, Manhattan Construction Company, respectfully prays that this Notice of Removal be deemed good and sufficient, and that the proceeding bearing Civil Action Number 619,512, Section 25 pending in the Nineteenth Judicial District Court, in and for the Parish of East Baton Rouge, State of Louisiana be removed to the

docket of this, the United States District Court, in and for the Middle District of Louisiana, and that all proper orders and actions be taken to effect that removal.

          Respectfully submitted,

          JONES WALKER LLP

          /s/Louis Simon II
          MICHAEL G. LEMOINE (#8308)
          LOUIS SIMON II (#12281)
          Chase Tower
          600 Jefferson Street, Suite 1600
          Post Office Drawer 3408
          Lafayette, LA 70502-3408
          Ph:   (337) 593-7600
          Fax:  (337) 593-7601
          *Attorneys for Manhattan Construction Company*

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing *Notice of Removal* was filed electronically with the Clerk of Court through the CM//ECF System.  Notice of this filing will be sent to all counsel of record via U.S. Mail.

Lafayette, Louisiana, this 23rd day of May, 2013.

     /s/Louis Simon II
     LOUIS SIMON II