**CT Corporation**

**Service of Process Transmittal**
03/07/2013
CT Log Number 522271143

**TO:** Madison Team
CTProComply (Recipient Account Only)
8040 Excelsior Drive, Suite 200
Madison, WI 53717

**RE:** **Process Served in Louisiana**

**FOR:** Manhattan Construction Company (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Donald Methvien, and his wife, Shelia Methvien, Petitioners/Pltfs. vs. Manhattan Construction Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 19th Judicial District Court, Parish of East Baton Rouge, LA Case # C619512 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - On 03/07/2012, Petitioner slipped and fell on the gang way to the L'Auberge Casino due to improperly secured loose roll roofing paper |
| **ON WHOM PROCESS WAS SERVED:** | CTProComply Company, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/07/2013 at 09:10 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after receipt |
| **ATTORNEY(S) / SENDER(S):** | Thomas M. Discon Discon Law Firm 424 N. Causeway Blvd., Suite A Mandeville, LA 70448 985-674-9749 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/08/2013, Expected Purge Date: 03/13/2013 Image SOP Email Notification, Madison Team ctsop@ctprocomply.com |
| **SIGNED:** PER: ADDRESS:** | CTProComply Company Trevor Garoutte 5615 Corporate Blvd Suite 400B Baton Rouge, LA 70808 |
| **TELEPHONE:** | 225-922-4490 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2425-13-001513

# CITATION

DONALD METHVIEN, ET AL
(Plaintiff)

vs.

MANHATTAN CONSTRUCTION
COMPANY
(Defendant)

NUMBER C619512 SECTION 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO: MANHATTAN CONSTRUCTION COMPANY
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
CT CORPORATION SYSTEMS

GREETINGS:

Attached to this citation is a certified copy of the petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks; or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 04-MAR-2013.

Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: THOMAS M DISCON

Also attached are the following documents:
PETITION FOR DAMAGES

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served on the above named party as follows:

CT CORPORATION SYSTEMS: By tendering same to the within named, by handing same to _____

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:      $_____
MILEAGE      $_____          _____
TOTAL:        $_____                Deputy Sheriff

CITATION - 2425

DATED
MAR - 5 2013

EBR1716638

East Baton Rouge Parish Clerk of Court - C619512 PET/TORT INJURY                    Page 1 of 2

## 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

### STATE OF LOUISIANA

DONALD METHVIEN, AND HIS WIFE, SHELIA METHVIEN

VERSUS                    619512    "25"

MANHATTAN CONSTRUCTION COMPANY

COST OK $ 470
1472

FILED:_____

**DEPUTY CLERK**                    FEB 27 2013

DEPUTY CLERK OF COURT

### PETITION FOR DAMAGES

NOW INTO COURT, thorough undersigned counsel come, **Donald Methvien and his wife, Shelia Methvien**, both persons of full legal age and domiciliaries of the State of Louisiana, who respectfully allege:

I.

Made party defendant herein is **MANHATTAN CONSTRUCTION COMPANY**, a corporation domiciled in Oklahoma and having its principal place of business in Oklahoma, yet authorized to do and doing business in this Parish and State.

II.

At all material times herein, Donald Methvien was employed as a safety man with Wilhite Electric Company.

III.

At all material times herein, Manhattan Construction Company and Wilhite Electric Company, among other companies, were contracted to construct the L'Auberge Casino upon the barges located in Baton Rouge, Louisiana on the Mississippi River.

IV.

Petitioner, Donald Methvien, is seeking benefits under the Longshore and Harbor Workers Compensation Act from his employer, Wilhite Electric Company.

V.

On March 7, 2012 petitioner was walking out the gang way to the Casino to hold a safety meeting on the barge casino, when he was cause to slip and fall on the gang way due to improperly secured loose roll roofing paper that was on the deck of the gang way.

Certified True and
Correct Copy
eCertID: 000070806

Joahlyn Partin
East Baton Rouge Parish
Deputy Clerk of Court

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

REC'D C.P.

FEB 28 2013
Generated Date:

3/4/2013 1:59 PM

EBR1709073

**VI.**

At all material times herein, Manhattan Construction Company was responsible for the construction of the gang way and the securing of roofing paper to its surface.

**VII.**

As a result of the accident herein, Donald Methvien sustained serious and permanently disabling injury to his lumbar spine, thereby entitling petitioner to damages for past and future pain and suffering, past and future mental anguish, pat and future loss wages, past and future medical expenses and loss of enjoyment of life, all to be determined by the trier of fact herein. The matter in controversy exceeds the value of $50,000.

**VIII.**

At all material times herein, Shelia Methvien has been the legal wife of Donald Methvien. Shelia Methvien seeks loss of consortium and support damages herein as a result of the injury to her husband.

**WHEREFORE,** Donald Methvien and his wife, Shelia Methvien, demand judgment against the defendant, Manhattan Construction Company, for a fair and reasonable amount to be by the trier of fact, altogether with legal interest thereon from date of accident herein until paid and for all costs of these proceedings and all other equitable relief that may be warranted and for trial by jury.

Respectfully submitted,

DISCON LAW FIRM

BY: _____
THOMAS M. DISCON, T.A. #14219
424 N. Causeway Boulevard, Ste. A
Mandeville, Louisiana 70448
Telephone: (985) 674-9748

And

S/ ROBERT K. LANSDEN
ROBERT K. LANSDEN # 25441
125 E. Pine Street,
Ponchatoula, Louisiana 70454
Telephone: 985-370-9006
E-mail: lansdenlaw@gmail.com
Attorneys for Plaintiffs

FILED
EAST BATON ROUGE PARISH, LA
2013 FEB 27  PM 2: 12
DEPUTY CLERK OF COURT

**PLEASE SERVE**
**MANHATTAN CONSTRUCTION COMPANY**
**THROUGH IT'S AGENT FOR SERVICE**
**CT CORPORATION SYSTEM**
**5615 CORPORATE BLVD., STE 400B**
**BATON ROUGE, LA 70808**



Certified True and
Correct Copy
eCertID: 000070806

Jocelyn Patton
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
3/4/2013 1:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14.132, 133, and/or RPC Rule 3.3(a)(3).

DONALD METHVIEN
AND HIS WIFE, SHELIA METHVIEN

VERSUS

MANHATTAN CONSTRUCTION
COMPANY

NUMBER: 619,512  SEC. 25

19TH  JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## NOTICE OF APPEARANCE

NOW INTO COURT, come the undersigned, and gives notice of his appearance as

counsel of record for Defendant, MANHATTAN CONSTRUCTION COMPANY:

John M. Madison III
Eric A. Kracht
Gerald J. Asay
**KRACHT FRAZIER MADISON, LLP**
5149 Bluebonnet Blvd.
Baton Rouge, Louisiana 70809
Telephone: 225-293-4568
Facsimile: 225-293-4569

The undersigned requests that all pleadings, motions and other papers filed with the Court

and all notices from the Court or the Clerk of Court, be served on him at the address shown

above.

RESPECTFULLY SUBMITTED:

**KRACHT FRAZIER MADISON, L.L.P.**
5149 Bluebonnet Boulevard
Baton Rouge, Louisiana  70809
225.293.4568 – *Office*
225.293.4569 – *Fax*


John M. Madison, III, La. Bar No. 26394
Eric A. Kracht, La. Bar No. 07912
Gerald J. Asay, La. Bar No. 31604
*Attorneys for Manhattan Construction, Company*

## CERTIFICATE

I HEREBY CERTIFY that a copy of the foregoing *Notice of Appearance* has been served upon all parties,

through counsel of record, by electronic mail, facsimile or by depositing same into the U. S. Mail, properly

addressed and postage prepaid.

Baton Rouge, Louisiana, this 20th day of March, 2013.


JOHN M. MADISON, III

DONALD METHVIEN
AND HIS WIFE, SHELIA METHVIEN

NUMBER: 619,512  SEC. 25

19TH  JUDICIAL DISTRICT COURT

VERSUS

PARISH OF EAST BATON ROUGE

MANHATTAN CONSTRUCTION
COMPANY

STATE OF LOUISIANA

## REQUEST FOR NOTICE

To:   Clerk of Court
      19TH Judicial District Court
      Parish of East Baton Rouge
      300 North Blvd.
      Baton Rouge, LA 70802

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, Defendant,

MANHATTAN CONSTRUCTION COMPANY, hereby requests that written notice be provided

of the date this matter is set for trial, or the date any pleadings or motions are set for hearing or

trial, at least ten (10) days prior to any trial date.

In addition, pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil Procedure,

Defendant requests that it be provided with written notice of the signing of any final judgment or

the rendition of any interlocutory order or judgment in the above numbered and entitled cause.

RESPECTFULLY SUBMITTED:

**KRACHT FRAZIER MADISON, L.L.P.**
5149 Bluebonnet Boulevard
Baton Rouge, Louisiana  70809
225.293.4568 – *Office*
225.293.4569 – *Fax*

John M. Madison III, La. Bar No. 26394
Eric A. Kracht, La. Bar No. 07912
Gerald J. Asay, La. Bar No. 31604
*Attorneys for Manhattan Construction, Company*

## CERTIFICATE

I HEREBY CERTIFY that a copy of the foregoing *Notice of Appearance* has been served upon all parties,

through counsel of record, by electronic mail, facsimile or by depositing same into the U. S. Mail, properly

addressed and postage prepaid.

Baton Rouge, Louisiana, this 20th day of March, 2013.

JOHN M. MADISON III

DONALD METHVIEN
AND HIS WIFE, SHELIA METHVIEN

NUMBER: 619,512  SEC. 25

VERSUS

19TH  JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

MANHATTAN CONSTRUCTION
COMPANY

STATE OF LOUISIANA

## MOTION FOR EXTENSION OF TIME TO PLEAD

NOW INTO COURT, through undersigned counsel, comes MANHATTAN
CONSTRUCTION COMPANY ("Manhattan"), Defendant in the captioned proceeding, and
upon suggesting that undersigned counsel needs additional time to properly gather information
and materials, requests an extension of time of thirty (30) days to file responsive pleadings.
Defendant reserves all rights, to file declinatory, dilatory, or other exceptions. Defendant has not
sought an extension of time previously.

RESPECTFULLY SUBMITTED:

KRACHT FRAZIER MADISON, L.L.P.
5149 Bluebonnet Boulevard
Baton Rouge, Louisiana  70809
225.293.4568 – *Office*
225.293.4569 – *Fax*

John M. Madison III, La. Bar No. 26394
*Attorneys for Manhattan Construction Company*

### CERTIFICATE

I HEREBY CERTIFY that a copy of foregoing pleading has been served upon all parties,
through counsel of record, by electronic mail, facsimile or by depositing same into the U.S. Mail,
properly addressed and postage prepaid.

Baton Rouge, Louisiana this 20th day of March, 2013.

JOHN M. MADISON III

DONALD METHVIEN                          NUMBER: 619,512  SEC. 25
AND HIS WIFE, SHELIA METHVIEN

VERSUS                                   19TH  JUDICIAL DISTRICT COURT

MANHATTAN CONSTRUCTION                   PARISH OF EAST BATON ROUGE
COMPANY                                  STATE OF LOUISIANA

## ORDER

Considering the above and foregoing;

**IT IS HEREBY ORDERED**, that the Defendant, MANHATTAN CONSTRUCTION

COMPANY, is granted a thirty (30) day extension, or until April 22, 2013, within which to file

responsive pleadings.

Baton Rouge, Louisiana this _____ day of March, 2013.

_____
JUDGE WILSON FIELDS
SECTION 25, 19TH JUDICIAL DISTRICT COURT

DONALD METHVIEN
AND HIS WIFE, SHELIA METHVIEN

VERSUS

MANHATTAN CONSTRUCTION
COMPANY

NUMBER: 619,512  SEC. 25

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION ON BEHALF OF  MANHATTAN CONSTRUCTION COMPANY

NOW  INTO  COURT,  through  undersigned  counsel,  comes  Manhattan Construction Company ("Manhattan"), which excepts to the claims of Donald Methvien and Shelia Methvien ("Methviens") because they fail to state a cause of action against Manhattan.  In support of this La. C.C.P. Art. 927A(2) exception, Manhattan shows:

1.

Manhattan served as the general contractor to construct the L'Auberge Casino in Baton Rouge, Louisiana.   In  the prosecution of this work, Manhattan subcontracted with Wilhite Electric Company ("Wilhite") for Wilhite to perform a certain and defined scope or work. Donald Methvien was an employee of Wilhite involved in the construction.

2.

According to the Plaintiffs' Petition, Donald Methvien served as an employee of Wilhite during Wilhite's work on the L'Auberge Casino Project

3.

Manhattan is a statutory employer of Donald Methvien under the terms of the subcontract between Manhattan and Wilhite and as a matter of law.

4.

As a statutory employer of Donald Methvien, Manhattan is immune from tort liability as to the claims of the Petitioners as a matter of law.

WHEREFORE,  for  these  reasons  and  the  reasons  more  fully  set  forth  in  the accompanying *Memorandum In Support*, Manhattan Construction Company, moves this Honorable Court to grant its *Peremptory Exception of No Cause of Action* and dismiss Donald Methvien and Shelia Methvien's claims against Manhattan Construction Company.  Manhattan

1

Construction Company further prays that all costs of these proceedings be assessed against the Plaintiffs.

RESPECTFULLY SUBMITTED:

**KRACHT FRAZIER MADISON, L.L.P.**
5149 Bluebonnet Boulevard
Baton Rouge, Louisiana 70809
225.293.4568 – *Office*
225.293.4569 – *Fax*

John M. Madison, III, La. Bar No. 26394
*Attorneys for Manhattan Construction Company*

<u>**CERTIFICATE**</u>

I HEREBY CERTIFY that a copy of foregoing pleading has been served upon all parties, through counsel of record, by electronic mail, facsimile or by depositing same into the U.S. Mail, properly addressed and postage prepaid.

Baton Rouge, Louisiana this 2ℓ day of April, 2013

JOHN M. MADISON III

2

DONALD METHVIEN
AND HIS WIFE, SHELIA METHVIEN

VERSUS

MANHATTAN CONSTRUCTION
COMPANY

NUMBER: 619,512  SEC. 25

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## MEMORANDUM IN SUPPORT OF PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION ON BEHALF OF MANHATTAN CONSTRUCTION COMPANY

### I.   INTRODUCTION

Manhattan Construction Company ("Manhattan") respectfully submits this Memorandum in support of its *Peremptory Exception of No Cause of Action.* As more fully set forth below, the Plaintiffs have failed to state a cause of action against Manhattan because Manhattan is a statutory employer of Petitioner, Donald Methvien. As a matter of law, Manhattan is immune from tort liability as to the claims of the Petitioners herein.

### II.   BACKGROUND

Manhattan served as the general contractor to construct the *L'Auberge Casino in Baton Rouge, Louisiana,* (hereinafter "Project"). In the prosecution of this work, Manhattan subcontracted with Wilhite Electric Company ("Wilhite") for Wilhite to perform a certain and defined scope of work. One of the terms of the Subcontract between Manhattan and Wilhite provides, in part, as follows:

> Pursuant to and in accordance with Louisiana Worker's Compensation Act, La. R.S. 23:1021, *et seq.*, including but not limited to R.S. 23:1061, Contractor and Subcontractor agree that a statutory relationship exists between Contractor and Subcontractor's employees and Owner and Subcontractor's employees. Contractor and Subcontractor agree that all work performed by Subcontractor and its employees is part of Owner's and Contractor's trade, business or occupation and is an integral part of and is essential to the ability of Owner and Contractor to generate the Owner's and Contractor's goods, products and services. Contractor and Subcontractor agree that Owner and Contractor are principal and statutory employers of Subcontractor's employees. The above notwithstanding, Subcontractor shall remain solely and primarily responsible and liable for the payment of Louisiana worker's compensation benefits and insurance premiums to and for its employees and shall not be entitled to any contribution or indemnity for any such payments from Owner or Contractor.[1]

According to the Petition in this matter, Donald Methvien served as an employee of Wilhite during Wilhite's work on the L'Auberge Casino Project. Donald Methvien was

---

[1] See pertinent provisions of the Subcontract between Manhattan and Wilhite attached hereto as **Exhibit "1"**.

1

allegedly injured during this employment. Plaintiffs admit that Donald Methvien has sought (or is seeking) benefits from Wilhite under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). Despite the fact that Donald Methvien is seeking benefits under the LHWCA and despite the clear and express statutory employer language set forth in the Wilhite Subcontract, Donald Methvien and Sheila Methvien ("Methviens") have attempted to assert a state law tort action against Manhattan for Donald Methvien's alleged injuries.

### III.   LAW AND ARGUMENT

**A.  Louisiana's Workers' Compensation Immunity Applies to a State Law Tort Claim Even When Benefits are Sought Under the LHWCA.**

As stated, Donald Methvien has sought or is seeking compensation from Wilhite under the LHWCA. The LHWCA is a Federal Workers' Compensation Program. The LHWCA limits an injured employee's compensation from his employer to the provisions of the program. 33 U.S.C.A. §901 *et seq.* It gives law suit immunity to employers. Id. Although, the LHWCA does not bar suits against third parties, when a suit against third parties is brought under State law, State law governs those claims. Garvin v. Alumax of South Carolina, Inc. 787 F.2d 910 (4th Cir. 1986). A Louisiana court in Bourgeois v. Puerto Rican Marine Management, Inc. 589 So.2d 1226 (La.App. 4th Cir. 1991) stated the following:

> Moreover, even a cursory review of the case law on the subject, most of which is cited by plaintiffs, reveals that defendants are prohibited from raising the statutory employer defense only when the plaintiffs have chosen to sue under federal law. See Roberts v. Avondale Shipyards, Inc., 537 So.2d 808 (La.App. 5th Cir.1989) (Plaintiff filed a negligence action under the LHWCA and not under state law.); Gates v. Shell Oil, 812 F.2d 1509 (5th Cir.1987) (Plaintiff filed suit under the Continental Shelf Lands Act). The case law indicates that all provisions of state law apply, including the statutory employer defense, when the plaintiff files suit under state law, regardless of whether the plaintiff has received state workers' compensation benefits or Federal LHWCA benefits. See Garvin v. Alumax, 787 F.2d 910 (4th Cir.1984), *cert. denied* 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986); Trussell v. Litton Systems, Inc., 753 F.2d 366 (5th Cir.1984); Griffis v. Gulf Coast Pre-Stress Co., 563 So.2d 1254 (La.App. 1st Cir.1990), *writ denied* 568 So.2d 1054 (La.1990); Lewis v. Modular Quarters, 508 So.2d 975 (La.App. 3d Cir.), *writ denied* 514 So.2d 127 (La.1987), *cert. denied* 487 U.S. 1226, 108 S.Ct. 2886, 101 L.Ed.2d 920 (1988).

In this case, the Methviens have filed a State law tort suit against Manhattan. Therefore, the claim is governed under Louisiana State law. This includes the immunity provided under Louisiana's Workers' Compensation law for both employers under La. R.S. 23:1032 and statutory employers under La. R.S. 23:1061. The immunity extended to a statutory employer

under Louisiana's Workers' Compensation law applies to claims brought under State law even when the employee has sought benefits under the LHWCA. <u>Lewis v. Modular Quarters,</u> 508 So.2d 975 (La.App. 3rd Cir.1987).

### B. Manhattan, As a Statutory Employer of Methvien, is Immune From a Tort Suit.

As a matter of law, direct employers and statutory employers are immune from a suit in tort by an employee injured on the job. La. R.S. 23:1032 and La. R.S. 23:1061. As set forth above, Manhattan is a statutory employer of Donald Methvien under the express terms of the Wilhite Subcontract. (See **Exhibit "1"**). Therefore, Manhattan is immune from a State law tort suit such as this.

### C. Shelia Methvien is Barred From Bringing Suit.

La. R.S. 23:1032 A. (1)(a) states: "Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to *an employee or his dependent* on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages…"(emphasis added).

According to well established law, Shelia Methvien is required to seek compensation for her damages due to the alleged injury to her husband under the same methods the he is required to seek compensation. The fact that they sought compensation under the LHWCA does not alter the protections given in Louisiana's Workers' Compensation statutes. Therefore, Manhattan is also immune from tort liability as to the claims of Shelia Methvien.

## IV.   <u>CONCLUSION</u>

The Methviens have brought State law tort claims against Manhattan for injuries allegedly sustained by Donald Methvien during his employment for Wilhite. Donald Methvien has sought benefits from Wilhite under the LHWCA. Manhattan is a statutory employer of Donald Methvien *via* the Subcontract between Manhattan and Wilhite. Louisiana's Workers' Compensation law provides immunity from a State law tort suit to statutory employers. Therefore, the Methviens are limited to seeking compensation for their loses to the provisions of the LHWCA and are barred from bringing a State law tort claim against Manhattan. Manhattan Construction Company's *Peremptory Exception of No Cause of Action* should be granted.

*(Signature on following page)*

RESPECTFULLY SUBMITTED:

**KRACHT FRAZIER MADISON, L.L.P.**
5149 Bluebonnet Boulevard
Baton Rouge, Louisiana 70809
225.293.4568 – *Office*
225.293.4569 – *Fax*


John M. Madison, III, La. Bar No. 26394
*Attorneys for Manhattan Construction Company*

## CERTIFICATE

    I HEREBY CERTIFY that a copy of foregoing pleading has been served upon all parties, through counsel of record, by electronic mail, facsimile or by depositing same into the U.S. Mail, properly addressed and postage prepaid.

    Baton Rouge, Louisiana this 26 day of April, 2013.


JOHN M. MADISON III

4



**MANHATTAN CONSTRUCTION COMPANY**
2120 MONTROSE BOULEVARD
HOUSTON, TEXAS 77006-1248
(713) 529-0000; FAX (713) 528-9176

### SUBCONTRACT

| | |
|---|---|
| Date: March 8, 2011 | Subcontractor: Wilhite Electric Co., Inc. |
| Project Name: Pinnacle Entertainment Baton Rouge | |
| Hotel and Casino | Address: 4450 Viking Loop |
| Address: 14777 River Road | Bossier City, LA 71111 |
| Baton Rouge, LA 70810 | Attn: Mr. Keith Wilhite |
| MCC Project No: 3278.02 | Telephone No: 318.747.3780 |
| MCC Cost Code: 160-1688.00 | Fax No.: 318.742.2436 |

1.      Subcontractor shall perform all work and furnish all supervision, labor, materials, plant, scaffolding, tools, equipment, supplies, and anything else necessary for the construction and completion of all work described in Exhibit A, and all work incidental thereto or reasonably inferable therefrom, in strict accordance and in full compliance with the terms of the Contract Documents, as defined and described in Exhibit A (all of which is hereinafter referred to as the "Work").

2.      Manhattan shall pay Subcontractor, for the performance of the Work, subject to additions and deductions by change order or other Subcontract provisions, the Guaranteed Maximum Price of—————— One Million, Six Hundred Fifteen Thousand and No/100 Dollars——————————— (——$1,615,000.00——————).

3.      Applications for payment shall be submitted monthly on a date to be determined by Manhattan. Payments shall be made to Subcontractor within five (5) working days of receipt of payment from Owner subject to the terms and conditions contained in the Manhattan General Provisions.

4.      Payment and performance bonds are required in a form attached as Exhibit B.  The premium for said bonds shall be paid directly by Manhattan.

5.      Retainage shall be withheld from each pay application in the amount of five percent (5%).

6.      Subcontractor must furnish a certificate of insurance in accordance with Manhattan's Subcontractor's Minimum Insurance Requirements attached as Exhibit C and obtain all required insurance prior to commencing its work.

7.      The terms and conditions contained in the following documents, including General Provisions - Article 2.5, Indemnification, which are attached hereto, are incorporated herein by reference as if fully written out:

| | |
|---|---|
| Manhattan General Provisions | Pages 1 through 9 (Dated: 12/18/2003) |
| Exhibit A (Scope of Work) | Pages 1 through 4 |
| Exhibit B (Bond Forms) | Pages 1 and 2 |
| Exhibit C (Insurance Requirements) | Page  1 |
| Exhibit D (Initial Guaranteed Maximum Price) | Pages 1 through 3 |
| Exhibit E (Drawing) | Pages 1 |

"Subcontractor"
WILHITE ELECTRIC CO., INC.

_Keith L Wilhite_
Signature

_Keith L Wilhite_
Printed Name

_Vice President_
Title

Date: _Mach 9, 2011_

"Manhattan"
MANHATTAN CONSTRUCTION COMPANY

_Thomas R Kramer_
Signature

_Thomas R. Kramer_
Printed Name

_Vice President, Operations - Houston_
Title

Date: _3/15/11_

EXHIBIT A
SCOPE OF SUBCONTRACTOR'S WORK
PINNACLE ENTERTAINMENT BATON ROUGE HOTEL AND CASINO RESORT
WILHITE ELECTRIC CO., INC.

18. All mobile cranes shall have an integrated Load Moment Indicator (LMI) and an Anti-Two Blocking (ATB) system. This system must stop crane operations in the event of an impending overload or two-block.

19. Any mobile lifting equipment manufactured prior to 1992 shall have a load cell with an overload warning device and ATB audible warning device. These devices shall be easily identified by the operator during all lifting operations.

20. Lift calculations will be required for all lifts that are over 85% of the crane's capacity according to the crane manufacturer's load charts.

21. All equipment delivered to a Manhattan controlled site shall be inspected, documented and repaired as necessary prior to use. Independent third party agents shall perform the initial inspection as well as annual inspections on cranes. Letters of certification shall be delivered to Manhattan prior to the equipment being put in service and following each 12 month period from the initial inspection.

22. Tower Cranes, Derricks and Lattice Boom Cranes shall be certified annually and whenever they are initially erected or delivered to jobsite, reconfigured, altered, climbed or extensively repaired. Certifications are to be completed by a Third Party competent person or government or private agency recognized by the U.S. Department of Labor to perform such inspections.

23. Radios and any other electronic devices that are used for personal entertainment are not allowed in any construction areas.

24. Subcontractors will conduct daily (informal) and weekly (formal/documented) safety audits to monitor jobsite safety conditions and employee behaviors.  Manhattan may participate in these audits periodically.

25. Subcontractor shall conduct a weekly safety meeting and shall submit the meeting minutes to Manhattan on a weekly basis.

26. General Clean-Up:

   a) In addition to its responsibility for specific cleanup of the debris, each Subcontractor, while on-site, is required to participate in a composite Project cleanup crew, supervised by Manhattan personnel, for the purpose of general cleanup and removal of "indefinable" debris.  Each Subcontractor agrees to provide capable laborer(s) to participate full time eight (8) hours a week, or as required.  Each Subcontractor shall contribute labor to the composite crew at the ratio of one (1) individual for every ten (10) of its on-site employees.  For example, 1-10 employees requires one (1) composite crew laborer; 11-20 employees requires two (2) composite crew laborers and so on.  Trash and debris from the composite cleaning operation will be deposited in the jobsite dumpsters provided by Manhattan.

   b) The composite cleanup crew will meet each morning during the course of the project at a time and place as determined by the General Superintendent or his designated representative.

   c) If any Subcontractor fails to maintain a satisfactory cleanup program, Manhattan will give a twenty-four (24) hour written notice to perform the necessary cleanup.  If the Subcontractor then fails to perform the cleanup, Manhattan will have the option to perform the cleanup on the Project and backcharge the responsible Subcontractor(s) for the costs.

27. **Additional Pinnacle Entertainment Baton Rouge Hotel and Casino Resort Requirements**

   a) This is a high profile, fast-track project and both overtime and weekend work is included which includes at a minimum six (6) each ten (10) hour days Monday thru Saturday with Sunday being utilized as weather make-up days.

28. **Louisiana Statutory Employee:** Pursuant to and in accordance with the Louisiana Worker's Compensation Act, la. R.S. 23:1021, et seq., including but not limited to R.S. 23:1061, Contractor and Subcontractor agree that a statutory employer relationship exists between Contractor and Subcontractor's employees and Owner and Subcontractor's employees. Contractor and Subcontractor agree that all work performed by Subcontractor and its employees is part of Owner's and Contractor's trade, business or occupation and is an integral part of and is essential to the ability of Owner and Contractor to generate the Owner's and Contractor's goods, products and services. Contractor and Subcontractor agree that Owner and Contractor are principal and statutory employers of Subcontractor's employees. The above notwithstanding, Subcontractor shall remain solely and primarily responsible and liable for the payment of Louisiana worker's compensation benefits and insurance premiums to and for its employees and shall not be entitled to any contribution or indemnity for any such payments from Owner or Contractor.

## CONTRACT DOCUMENTS:

1. The Subcontract (including all attached and referenced Exhibits).
2. Manhattan General Provisions.
3. The Agreement between Manhattan and the Owner ("Agreement").
4. General Conditions of the Contract.
5. Supplementary and other Conditions.
6. Exhibits and Riders enumerated and attached to the Agreement.
7. All Addenda issued prior to and all modifications issued after execution of the Agreement.
8. Alternates as selected and incorporated herein.
9. MCC Site Utilization Plan – Dated 6/3/10
10. Geotechnical Report
    USACE Geotechnical Report
    PNK (Baton Rouge) LLC
    East Bank River Mile 216.7
    Baton Rouge, Louisiana
    Dated: October 15, 2009

DONALD METHVIEN
AND HIS WIFE, SHELIA METHVIEN

VERSUS

MANHATTAN CONSTRUCTION
COMPANY

NUMBER: 619,512  SEC. 25

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

### RULE TO SHOW CAUSE AND ORDER

Considering the foregoing *Peremptory Exception of No Cause of Action* filed on behalf of

Manhattan Construction Company:

**IT IS HEREBY ORDERED** that Donald Methvien and his Wife, Shelia Methvien show

cause on the _____ day of _____ at _____ a.m./p.m. why the *Peremptory*

*Exception of No Cause of Action* should not be granted.

**THUS DONE AND SIGNED** at Baton Rouge, Louisiana, this _____ day of

_____, 2013.

_____
**JUDGE WILSON FIELDS**
**SECTION 25, 19TH JUDICIAL DISTRICT COURT**

*PLEASE SERVE:*

**DONALD METHVIEN &**
**SHELIA METHVIEN**
*Through Their Counsel of Record:*
Thomas M. Discon
DISCON LAW FIRM
424 N. Causeway Blvd., Ste. A
Mandeville, LA 70448

2013 APR 26  PM 4: 28
DEPUTY CLERK OF COURT

# KRACHT ♦ FRAZIER ♦ MADISON LLP
### Attorneys at Law

5149 Bluebonnet Boulevard
Baton Rouge, LA 70809

Tel  225.293.4568
Fax 225.293.4569

April 26, 2013

Mr. Thomas M. Discon
Discon Law Firm
424 N. Causeway Boulevard
Suite A
Mandeville, LA  70448

Re: Donald Methvien, et ux Manhattan Construction Company
19th Judicial District Court, Parish of East Baton Rouge
Suit No. 619,512, Section 25
KFM File #13695

Dear Mr. Discon:

Enclosed please find *Requests for Admission of Facts* which we herewith serve on Donald and Shelia Methvien.

Also enclosed is a courtesy copy of Manhattan's *Peremptory Exception of No Cause of Action, Memorandum in Support* and *Rule to Show Cause,* which we have filed today.

Sincerely,

KRACHT FRAZIER MADISON LLP

John M. Madison III

JMM:pzb
Enclosure

DONALD METHVIEN                             NUMBER: 619,512  SEC. 25
AND HIS WIFE, SHELIA METHVIEN
                                           19TH JUDICIAL DISTRICT COURT
VERSUS
                                           PARISH OF EAST BATON ROUGE
MANHATTAN CONSTRUCTION
COMPANY                                     STATE OF LOUISIANA

-------------------------------------------------------------------------------

### REQUESTS FOR ADMISSION OF FACTS

TO:   **DONALD METHVIEN &**
      **SHELIA METHVIEN**
      *Through Their Counsel of Record:*
      Thomas M. Discon
      DISCON LAW FIRM
      424 N. Causeway Blvd., Ste. A
      Mandeville, LA 70448

      Manhattan Construction Company, ("Manhattan"), through undersigned counsel,

propounds the following discovery requests in accordance with La. Code Civ. Proc. Arts. 1420,

*et seq.*  Manhattan requests that, pursuant to La. Code Civ. Proc. Arts. 1458 and 1462(A) that

you provide verified responses to these requests in writing and within fifteen (15) days of service

of this document upon you. Also, pursuant to La. Code Civ. Proc. Art. 1428, Manhattan request

that you seasonably amend your responses to these discovery requests to ensure their accuracy

and completeness.

### DEFINITIONS

A.  The term "person" shall mean any individual, partnership, firm, corporation, association, joint venture, or any other business or legal entity.

B.  The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic and graphic matter of any kind or character, and any recorded materials, however produced or reproduced, in your possession or control or known by you to exist, including without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes, change orders and entries in books of account relating to or referring in any way to the subject matter of these request for production.

C.  The terms "You" and "Your" shall mean Donald Methvien and his wife, Shelia Methvien ("Methviens") and every other individual or entity who, acting as representative of You, can be required by You to furnish information, including any person acting on behalf of You as a representative in investigation or preparation of this action.

D.  The term "the Project" shall mean *"L'Auberge Casino, River Road, Baton Rouge, Louisiana".*

E.  *"Identify"* means:

    1)  for *persons*: state the person's full name, residence address, business address, and the name and address of his/her employer (if known);

    2)  for *documents*: describe the nature of the document (i.e., letter, report, photograph, etc.) and if applicable, state the author, addressee, date, brief summary of its contents, and the name and address of the custodian of the original or best copy.

F.  The term "the Complaint" or "the Petition" shall mean the complaint of petition or amended petition which was filed in this action on the Plaintiff's behalf and any amendments thereto.

**KRACHT FRAZIER MADISON, L.L.P.**

5149 Bluebonnet Boulevard
Baton Rouge, Louisiana  70809
225.293.4568 – *Office*
225.293.4569 – *Fax*

   */s/John M. Madison III*
JOHN M. MADISON III, La. Bar No. 26394
*Attorneys for Manhattan Construction Company*

<u>**CERTIFICATE**</u>

I HEREBY CERTIFY that a copy of foregoing pleading has been served upon all parties,

through counsel of record, by electronic mail, facsimile or by depositing same into the U.S. Mail,

properly addressed and postage prepaid.

Baton Rouge, Louisiana this 26th day of April, 2013.


   */s/John M. Madison III*
JOHN M. MADISON III

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

07-MAY-2013

TO:   JOHN M MADISON III
      KRACHT FRAZIER
      5149 BLUEBONNET BLVD
      BATON ROUGE, LA 70809

**DONALD METHVIEN ETAL VS MANHATTAN CONSTRUCTION CO**

**CASE NUMBER:** C619512

**JUDGE:** WILSON E FIELDS

**DIVISION:** SECTION 25 **ROOM:** 7A

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE

AFOREMENTIONED CASE ON 17-JUN-2013 AT

09:30:00 AM SET FOR EXCEPTION HEARING.

**COMMENTS:** PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION ON BEHALF OF
MANHATTAN CONSTRUCTION COMPANY.

**ATTORNEY APPEARING FOR HEARING MUST BE ENROLLED IN THE CASE.**

**NOTE:** MEMO IN OPPOSITION TO BE SUBMITTED TO THE JUDGE NO LATER THAN
EIGHT (8) DAYS PRIOR TO HEARING.

                          KAROLYN WILLIAMS
                          JUDICIAL ASSISTANT TO JUDGE
                          WILSON E FIELDS

NOTIFIED:

ATY - THOMAS M DISCON
ATY - JOHN M MADISON
JDG - WILSON E FIELDS

Form 4501A

RECEIVED
MAY 09 2013
KRACHT FRAZIER MADISON LLP